# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30885
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID JAMES MCNEIL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-271

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David James McNeil appeals the 72-month sentence imposed following his guilty plea conviction for possession of ammunition by a felon. The sentence represented an upward departure or variance from the applicable guidelines range. On appeal, McNeil complains that his sentence is substantively unreasonable because the district court improperly speculated that he possessed the ammunition for nefarious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes. He maintains that the court either unreasonably disagreed with the Sentencing Commission on the propriety of the Guidelines for his offense or in fact punished him for his alleged participation in a theft of firearms, even though he did not plead guilty to any offenses relating to the theft and the district court had determined that the theft did not constitute relevant conduct.

We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). The record confirms that the district court listened to counsel's arguments and made an individualized assessment based on McNeil's personal history and characteristics; the seriousness of the underlying offense; and the need for the sentence to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. *See id.*; § 3553(a)(1), (2). Contrary to McNeil's speculation, the district court explicitly refused to consider the theft offense in determining the appropriate sentence. McNeil has not shown that the decision to sentence him above the advisory guidelines range failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 72 months of imprisonment from the 37-month top of the guidelines range, we have upheld variances and departures greater than the increase to McNeil's sentence. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). McNeil has failed to show that the district court's justification for the sentence imposed was insufficiently compelling. *See Smith*, 440 F.3d at 707. Consequently, the judgment of the district court is AFFIRMED.